UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANKLIN D. FLOYD,

      Petitioner,

vs.                                CASE NO. 8:06-CV-1402-T-27MSS

JAMES McDONOUGH, et al.,

      Respondents.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's *pro se construed* Motion to Amend (Dkt. 46). This pleading contains a cover sheet and is entitled: "Amend If Need Be, Be Allowed Motion For Three Judge Panel." Respondent has not responded to the motion. The motion consists of 38 handwritten pages and contains two attachments, one 37 pages long and the other 50 pages long, for a total of 125 pages.[1] Upon consideration, Petitioner's *construed* Motion to Amend (Dkt. 46) is DENIED without prejudice.

Amendments to habeas petitions are freely permitted. *Felker v. Turpin*, 83 F.3d 1303, 1306 (11th Cir. 1996), *cert. denied*, 469 U.S. 873 (1984); *In re Hill*, 113 F.3d 181, 183 (11th Cir. 1997). Notwithstanding, a habeas petition may not be amended to include time barred claims, unless those claims "relate back" to the original petition. The Antiterrorism and Effective Death Penalty Act of

---

[1] This pleading, given its length, writing style and content, is similar to others filed by Petitioner. These pleadings are difficult, if not impossible to decipher and are largely incomprehensible. In the future, Petitioner shall exercise more care in presenting his arguments and contentions, write legibly, use double spacing and refrain from attaching unnecessary documents, orders, decisions and copies of pleadings. Petitioner shall also follow the Local Rules, which limit motions to 25 pages, responses to motion to 20 pages and prohibit replies, absent leave of court. This will assist the Court in understanding Petitioner's claims and argument and safeguard against overlooking an important claim or contention.

1996 ("AEDPA") imposes a one-year period of limitations for writs of habeas corpus that runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The AEDPA one year statute of limitations may preclude an amendment which does not "relate back" to the original petition. *See Cox v. Ferrell*, 2008 WL 90088, 1 (11th Cir. 2008):

> However, in the context of a § 2254 petition, an amended claim that would be time-barred pursuant to the AEDPA's one-year limitations period may be timely if it relates back to the original petition. Fed. R. Civ. P. 15(c); *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir.2000). An amended claim "relates back to the date of the original pleading" if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2); *Davenport*, 217 F.3d at 1344. It is not enough, however, that the amended and original claims arose from the same general proceedings. *Davenport*, 217 F.3d at 1344. **The amended claim must arise from the same set of facts as the claims contained in the original petition.** *Id.* at 1346. *(emphasis added)*.

Additionally, Petitioner must have exhausted all available state law remedies with respect to any new claims he desires to add before those new claims may be presented to the federal court. 28 U.S.C. § 2254(b)(1)(A). Specifically, "the federal claim must be fairly presented to the state courts" so that "the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding. *Ogle v. Johnson*, 488 F.3d 1364, 1368 (11th Cir. 2007)(quoting *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)).

Should Petitioner desire to amend his habeas petition, he may file a motion, not exceeding 25 pages, seeking leave to amend. The motion shall describe the nature of the amendment and explain why an amendment is necessary. If Petitioner desires to add a new claim, his motion shall identify the specific new claim he intends to raise, address whether the proposed new claim is timely under the AEDPA and address whether the claim has been exhausted in state court. If leave to

amend is granted, Petitioner will be required to amend his habeas petition by using the prescribed § 2254 form petition and following the instructions thereon. The amended complaint shall not attach copies of state or federal pleadings, court orders, appellate decisions or unnecessary documents.

The Clerk is directed to furnish Petitioner with two copies of the prescribed § 2254 form petition with this Order.

**DONE AND ORDERED** in Tampa, Florida, this _10th_ day of April, 2008.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner/pro se
Counsel of Record

-3-